**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kyle Kuehn, | No. CV-23-00431-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Kyle Kuehn seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied him disability insurance benefits under 42 U.S.C §§ 416(i) and 423(d) of the Social Security Act, 42 U.S.C. §§ 301–2113.  Because the decision of the Administrative Law Judge ("ALJ") is based on legal error, the Commissioner's decision is vacated and the matter remanded for further administrative proceedings.

**I.     BACKGROUND**

Plaintiff was born in September 1997.  He has at least a high school education. Plaintiff has no past relevant work.  He alleges the following impairments: anxiety, depression, sensory processing disorder, autism spectrum disorder, frontal lobe syndrome, executive function deficit, cognitive impairments, and attention deficit hyperactivity disorder.  (Doc. 8-3 at 22–23, 36).

On July 19, 2020, Plaintiff applied for disability and disability insurance benefits, alleging disability beginning July 1, 2017. The claim was denied initially on November 30, 2020, and upon reconsideration on June 30, 2021. On October 7, 2021, Plaintiff filed for child's insurance benefits, alleging disability beginning July 1, 2017. On January 13, 2022, he appeared telephonically with his attorney and testified at a hearing before the ALJ. A vocational expert also testified. (*Id.* at 14). On April 4, 2022, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act at any time from July 1, 2017, the alleged onset date, through June 30, 2021, the date last insured. (*Id.* at 24). The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. (*Id.* at 2). On March 10, 2023, Plaintiff sought review by this Court. (Doc. 1).

## II. STANDARD OF REVIEW

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). "[O]nly issues [that] are argued specifically and distinctly in a party's opening brief" are reviewed. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Moreover, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Failure to do so will only be excused when necessary to avoid a manifest injustice. *Id.*

A court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id.* (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005)). It is "relevant evidence [that] a reasonable [person] might accept as adequate to support a conclusion" considering the record as a whole. *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not

affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Generally, when the evidence is susceptible to more than one rational interpretation, courts "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "Overall, the standard of review is 'highly deferential.'" *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).

## III.  FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).[1]

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2021. Born September 1997, he had not attained age 22 as of July 1, 2017, the alleged onset date. Plaintiff has not engaged in substantial gainful activity during the period from his alleged onset date of July 1, 2017 through his date last insured of June 30, 2021. (Doc. 8-3 at 16). At step two, the ALJ found that Plaintiff has the following severe impairments: anxiety disorder, autism spectrum disorder, major depressive disorder with mood incongruent psychotic symptom, generalized anxiety disorder, and attention deficit hyperactivity disorder. At step three, the ALJ determined

---

[1] At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *See id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: he is able to perform simple, routine tasks and make simple, work-related decisions in a routine work setting where change is infrequent and introduced gradually; able to perform tasks that do not involve fast-paced production requirements, like those found in assembly line work or fast food restaurants during meal times; able to engage in occasional interaction with supervisors, occasional and superficial interaction with coworkers, such that the interaction is brief, casual and incidental to the task performed; can have no interaction with the public; and must avoid hazards, like dangerous moving machinery and unprotected heights. (*Id.* at 18). The ALJ further found that Plaintiff has no past relevant work, (*Id.* at 22); was defined as a younger individual age 18–49 on the alleged disability onset date; was 23 years old, which is also defined as a younger individual age 18–49, on the date last insured; has at least a high school education; and does not have past relevant work. (*Id.* at 22–23). At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 23).

## IV.   ANALYSIS

### A.   The ALJ Erred in Weighing Medical Source Opinion Evidence.

#### 1.   Legal Standard

For claims filed on or after March 27, 2017, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) . . . ." 20 C.F.R. § 404.1520c(a) (2017). In considering medical opinions or prior administrative medical findings, the ALJ will consider the following factors: supportability, consistency, relationship between provider and claimant, specialization, and other factors. *Id*. § 40.1520c(a), (c). When considering the relationship between the provider and the claimant, the ALJ considers the length,

frequency, purpose, and extent of the treatment relationship. *Id*. § 404.1520c(c)(3)(i)–(iv). Additionally, the ALJ considers whether the provider of the medical opinion actually examined the claimant. *Id.* § 404.1520c(c)(v). Of these factors, supportability and consistency are the most important. *Id.* § 404.1520c(a), (b)(2). The ALJ will articulate the persuasiveness of medical opinions in the case record. *Id.* § 404.1520c(b).

### 2. The ALJ Erred in Weighing Dr. Rubin's Medical Opinion Evidence.

Dr. Rubin has treated Plaintiff since March 27, 2013. (Doc. 8-11 at 54). Dr. Rubin submitted medical evidence documenting Plaintiff's severe panic attacks, meltdowns, depression, exhaustion, and anger. (*See, e.g.*, *id.* at 4–11, 88). In assessing Plaintiff's work related limitations, Dr. Rubin listed numerous moderately severe, moderate, and mild limitations. (*Id.* at 21–23).

The ALJ found Dr. Rubin's opinion to be less persuasive because it was "less consistent with the record." (Doc. 8-3 at 22). The ALJ asserted that Dr. Rubin's opinion regarding Plaintiff's limitations were inconsistent with the record because Plaintiff had, at times, reported feeling better, less angry, and happier. (Doc. 8-11 at 4, 55, 89). Indeed, during one meeting, Plaintiff reported having "no real concerns or problems." (*Id.* at 4).

The Ninth Circuit has clearly stated that evidence or cycles of symptom improvement should be expected and does not automatically indicate benefits are unwarranted. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("The fact that a person suffering from depression makes some improvement 'does not mean that the person's impairment [] no longer seriously affect[s] [his] ability to function in a workplace.'" (Quoting *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001)). Here, the ALJ erred in discounting Dr. Rubin's testimony based only on signs of recent improvement when on EMDR. Dr. Rubin made her assessment of Plaintiff's work limitations based on her years treating Plaintiff. Plaintiff's cyclical behavior was part of Dr. Rubin's considerations in reaching her medical opinion. Accordingly, the ALJ erred in failing to explain how Dr. Rubin's medical opinion is rebutted by isolated improvements

that Dr. Rubin testified were a part of a recurring cycle, and Dr. Rubin's medical opinion takes into account the overall effect of Plaintiff's conditions and behaviors on his employability.

### 3. The ALJ Erred in Weighing Dr. Littlefield's Medical Opinion Evidence.

The ALJ also erred in weighing the medical opinion evidence of Dr. Littlefield, the consultative examiner. (Doc. 8-3 at 20–21). The ALJ discounted Dr. Littlefield's opinion because it was inconsistent with the record. First, the ALJ stated that the "examiner's assessment that the claimant is unlikely to be able to adjust consistently to tasks on hand in a work environment is not supported by the claimant's ability to do so during the [examination] . . . ." (*Id.* at 21). However, this finding is inconsistent with Dr. Littlefield's express statement that "due to Autism Spectrum Disorder the claimant is unlikely to be able to demonstrate similar qualities in a work environment consistently." (Doc. 8-11 at 19). Second, the ALJ again mistakenly relies on evidence of improvement in Plaintiff's symptoms to discount medical opinion evidence. As with Dr. Rubin's medical opinion, the ALJ erred in discounting the opinion of Dr. Littlefield.

## B. The ALJ Erred in Discounting Dr. Morey's Other Medical Evidence.

In determining whether a claimant is disabled, the ALJ considers all evidence in the claimant's case record. 20 C.F.R. § 416.920(a)(3). Evidence is anything the claimant submits to the ALJ or that the ALJ may obtain through other sources that relates to the claimant's claim. 20 C.F.R. § 416.913(a). The ALJ evaluates evidence "according to the rules pertaining to the relevant category of evidence." *Id.* The categories of evidence are: (1) objective medical evidence; (2) medical opinion; (3) other medical evidence; (4) evidence from nonmedical sources; and (5) prior administrative medical finding. *Id.* § 416.913(a)(1)–(5).

The ALJ may consider "[o]ther medical evidence," which is "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of [a claimant's] impairments, [] medical history,

clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 416.913(a)(3). "The ALJ may discount testimony from [] 'other sources' if the ALJ 'gives reasons germane to the witness for doing so.'" *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (cleaned up); *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016) (cleaned up).

In her decision, the ALJ did not acknowledge Dr. Morey's Personality Assessment Inventory. (Doc. 8-3 at 14–24). Dr. Morey's assessment provides a detailed description of Plaintiff's personality, including descriptions of Plaintiff's impulsivity and strained working relationships. (Doc. 8-11 at 45–46). Defendant asserts that the ALJ's failure to account for Dr. Morey's assessment did not constitute err for two reasons. First, Dr. Morey's assessment is not medical opinion evidence, but, rather, other medical evidence because it does not provide medical opinion regarding residual functionality in work-settings. (Doc. 13 at 11–12). Second, Dr. Morey's assessment was of limited value because it noted that "[n]o decisions should be based solely on the information contained in this report" and that the assessment "may overrepresent or exaggerate the actual degree of psychopathology." (Doc. 8-11 at 40, 45).

Neither of Defendant's assertions overcome the ALJ's failure to provide "reasons germane to the witness" for discounting Dr. Morey's testimony. *Molina*, 674 F.3d at 1111. The ALJ cannot simply omit an evaluation of other medical evidence. Accordingly, the ALJ erred by failing to evaluate Dr. Morey's other medical evidence.

    **C.    The ALJ Erred in Determining Plaintiff's Residual Functional Capacity.**

An RFC finding involves a detailed assessment of how a claimant's medical impairments affect his ability to work. In determining a claimant's RFC, the ALJ "must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and 'the effects of [] symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. SSA*, 466 F.3d 880, 883 (9th Cir. 2006) (quoting SSR 96–8p, 1996 WL 374184, *5 (July 2, 1996)). The ALJ must consider the

combined effect of multiple conditions, including those that are not severe. *See* 20 C.F.R. § 404.1545(a)(2). A plaintiff's illnesses "must be considered in combination and must not be fragmentized in evaluating their effects." *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995) (quoting *Beecher v. Heckler*, 756 F.2d 693, 694–95 (9th Cir. 1985)).

The ALJ erred in determining Plaintiff's RFC in two respects. First, Defendant agrees that the ALJ erred in "not adequately incorporat[ing] the credited limitation to one- to two-step tasks into the RFC." (Doc. 13 at 14). The ALJ also erred by failing to properly weigh, and thus incorporate into the RFC, the opinions of Drs. Rubin, Morey, and Littlefield. By failing to properly weigh the opinions of these medical sources, the ALJ's determination of Plaintiff's RFC cannot be said to be accurate. Based on the improperly discounted medical evidence, the ALJ's determination that Plaintiff engage in occasional interaction with supervisors is not well supported.[2] Accordingly, the ALJ erred in determining Plaintiff's RFC.

### D. Remand

If the ALJ's decision is not supported by substantial evidence or suffers from legal error, the district court has discretion to reverse and remand either for an award of benefits or for further administrative proceedings. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). "Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Id.*; *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (finding courts may depart from the Ordinary Remand Rule where "the record, taken as a whole,

---

[2] As Plaintiff points out, "occasional" is defined by the *Vocational Expert Handbook* as "very little up to one-third of the workday, or up to about 2 hours out of an 8-hour workday." Social Security Administration, *Vocational Expert Handbook* 32 n. 45 (March 2023), https://www.ssa.gov/appeals/public_experts/Vocational_Experts_(VE)_Handbook-508.pdf.

leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" (citations omitted)).

The record is not so developed that additional administrative proceedings would not be beneficial. Accordingly, this matter is appropriate for remand.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner of Social Security is **VACATED** and this case is **REMANDED** for further proceedings consistent with this opinion. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 21st day of June, 2024.

_____
G. Murray Snow
Chief United States District Judge